UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DE LA TORRE, et al.,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00001-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S IFP APPLICATION BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF No. 2)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Daniel Harper is a state prisoner proceeding *pro se* in this civil rights action. (ECF No. 1). On January 2, 2025, Plaintiff filed an application to proceed *in forma pauperis* in this action. (ECF No. 2).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

**I.　　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915.

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

1

> brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## II.   ANALYSIS

### A.   Strikes

Plaintiff filed this action on January 2, 2025. (ECF No. 1). The Court takes judicial notice[1] of the following four cases, each of which counts as a "strike": (1) *Harper v. Sacramento County Sheriff*, No. 2:07-cv-00748-ALA (E.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim; case dismissed on November 14, 2007, for failure to file an amended complaint); (2) *Harper v. Wilcox*, No. 2:07-cv-01158-LKK-KJM (E.D. Cal.) (case dismissed on January 28, 2008, for failure to state a claim); (3) *Harper v. Costa*, No. 2:07-cv-2149-LKK-DAD (E.D. Cal.) (case dismissed on August 31, 2009, for failure to state a claim); and (4) *Harper v. Morgan*, No. 2:08-cv-2526-GGH (E.D. Cal.) (case dismissed on June 16, 2009, for failure to state a claim).

Moreover, Plaintiff has previously been denied IFP status by at least two other courts because of his three-striker status. *See Harper v. Marquez*, No. 2:24-cv-1194-DJC-SCR (ECF No. 13); *Harper v. Powell*, 2:24-cv-1343-TLN-AC (ECF No. 17).

### B.   Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at

---

[1] "In particular, a court may take judicial notice of its own records in other cases . . . ." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff's complaint alleges that, in May 2024, he was moved out of administrative segregation to go to the mental health building.[2] During the move, Plaintiff believed that some of his property became missing and he discussed this issue with prison staff. Plaintiff alleges that this dispute culminated in a physical alteration where prison staff using excessive force, including slamming him to the ground. He also appears to complain about the use of over-tightened physical restraints and a charge for resisting an officer stemming from the alleged excessive-force incident.

Such allegations are insufficient to show that there is a real and imminent threat to Plaintiff's personal safety under the standards described above. None of these allegations fairly implicate an ongoing serious physical injury or a pattern of misconduct evidencing the likelihood

---

[2] Plaintiff's complaint is not legible in some places. The above summary reflects the Court's best attempt to summarize Plaintiff's allegations.

of imminent serious physical injury to Plaintiff. Importantly, while excessive force was allegedly used against Plaintiff in the incident described above in May 2024, by the time he filed the complaint approximately seven months later, there is nothing to indicate that he was in imminent danger then. *See Driver v. Pohovich*, No. 2:22-CV-1672 DB P, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023), *report and recommendation adopted*, 2023 WL 8004324 (E.D. Cal. Nov. 17, 2023) (concluding that Plaintiff did not meet the imminent danger exception where "[t]here [was] nothing in the complaint that would indicate plaintiff was under threat of imminent danger based on the excessive force incidents" alleged in the complaint that purportedly occurred about two months before filing the complaint).

Accordingly, because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

### III. CONCLUSION, ORDER, AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court shall assign a District Judge to this case.

And IT IS RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* be denied. (ECF No. 2).
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits.

\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 7, 2025**              /s/ Erica P. Grosjean
                                                                   UNITED STATES MAGISTRATE JUDGE